# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2010

No. 07-20890

Lyle W. Cayce
Clerk

DANIEL JAMES SIXTA

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before DENNIS, OWEN, and SOUTHWICK, Circuit Judges.

DENNIS, Circuit Judge:

Petitioner Daniel James Sixta ("Sixta" or "the petitioner"), a Texas state prisoner, appeals the district court's grant of summary judgment to Respondent Rick Thaler ("the respondent") on his petition for habeas relief made pursuant to 28 U.S.C. § 2254. Sixta moved for a certificate of appealability ("COA") on various grounds, and we granted his request as to a single issue: Whether the respondent in a § 2254 proceeding is constitutionally obliged to serve his answer and any exhibits thereto on a habeas corpus petitioner. We conclude that the applicable procedural rules require the respondent in a § 2254 proceeding to serve both the answer and any exhibits attached thereto on the habeas

petitioner, and we therefore do not reach the constitutional question presented. The respondent complied with these procedural rules because he properly served the answer, to which there were no attachments or exhibits, on Sixta. We accordingly affirm the district court's grant of summary judgment and denial of habeas relief. We also deny the remainder of Sixta's motion for a COA.

## I. BACKGROUND

A jury convicted Sixta of intoxication manslaughter in Texas state court in December 2002. The trial court sentenced him to 20 years imprisonment. His conviction was affirmed on direct appeal. The Texas Court of Criminal Appeals refused his petition for discretionary review, and the United States Supreme Court denied his petition for a writ of certiorari.

The evidence at trial established the following facts: Sixta drove Carolyn Messen, a longtime friend and sometime girlfriend, to a beauty salon at approximately 3:00 p.m. on the day in question. Sixta then went to a pool hall and returned to pick up Messen about three hours later. Messen could tell that Sixta had been drinking. The two went to dinner at a nearby restaurant and Sixta continued to drink. After dinner, the couple went to a bar where they played video games, and each of them had more than one drink at the bar. Messen testified at trial that, on the way home from the bar, Sixta was driving aggressively and a bit too fast. A car driven by Martha Alford made a left turn in front of Sixta's vehicle, and the two vehicles collided. Alford's sister, Linda Coble, was a passenger in Alford's car. Coble was killed in the accident. Officer David Pearson, who performed an accident reconstruction at the scene, determined that Sixta had been speeding prior to the accident. Blood samples taken after the accident revealed that Sixta's blood alcohol content was nearly three times the legal limit, and Pearson concluded that Sixta's intoxication caused the accident. The jury found Sixta guilty.

No. 07-20890

After the Texas state courts denied his application for collateral relief, Sixta filed the instant § 2254 petition in the federal district court. In his petition, Sixta challenged various aspects of his trial and conviction proceedings, claiming, *inter alia*, that his trial counsel rendered ineffective assistance and that the prosecution engaged in misconduct.

The district court ordered the respondent to file an answer. Approximately two weeks before filing an answer, the respondent on his own initiative filed a complete set of the state court records with the district. The respondent then filed an answer to Sixta's petition and urged the district court to deny Sixta's claims. The respondent, however, did not attach any exhibits or portions of the state court record to the answer. The respondent served his answer on Sixta, but none of the state court records.

Throughout the proceedings below, Sixta expressly moved for copies of the state court record and informed the district court of his need for those documents. After the respondent answered, Sixta filed a motion to stay and abate the proceedings so that he could obtain copies of the state court records "from the Clerk of the Court." Specifically, he requested that the district court clerk loan him the state court records or that it furnish him a copy of those records at Sixta's expense. Sixta asserted that he needed the state court records so that, *inter alia*, he could submit them to an accident reconstruction expert and so that he could adequately reply to the respondent's answer. The respondent opposed Sixta's request. The district court denied the motion. Sixta thereafter wrote again to the district court clerk inquiring as to the cost and method for purchasing the trial transcripts and records. The district court docket sheet does not reflect that Sixta ever received a reply to his inquiry.

Sixta then filed a motion seeking leave to file an amended petition. The district court found that Sixta was attempting to assert four new claims, that

three of the new claims were unexhausted and that all were frivolous, and thus denied the motion to amend as futile.

Noting that the respondent's answer cited legal precedent and facts outside the petition, the district court construed the respondent's answer as a motion for summary judgment and ordered Sixta to respond to that motion. Sixta subsequently filed his opposition to the respondent's summary-judgment motion. In addition to responding to the merits of the respondent's motion, Sixta sought to have the district court order the respondent to serve him with copies of the state court records that it had submitted to the court in support of its summary-judgment motion. Sixta asserted that, without the state court records, he was unable to adequately respond to specific factual assertions made by the respondent. He also asserted that the respondent had a constitutional duty to serve him with those documents filed in support of its answer. Alternatively, Sixta requested to borrow the state court papers from the court and averred that he would return them to the district court at his own expense.

The district court entered a memorandum opinion granting summary judgment in favor of the respondent and denying Sixta's claims. Accordingly, the district court dismissed Sixta's § 2254 petition, and it *sua sponte* denied him a COA. The district court denied Sixta's timely motion for reconsideration, but granted him leave to proceed *in forma pauperis*. Sixta timely applied and moved for a COA on five issues. We granted a COA on the service issue presented here, and have not yet ruled on the remaining issues for which he seeks a COA.

## II. STANDARD OF REVIEW

The district court's interpretation of procedural rules is reviewed *de novo*, as are any constitutional questions raised by this appeal. *Knight v. Kirby Inland Marine*, 482 F.3d 347, 355 (5th Cir. 2007); *United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).

## III. DISCUSSION

This appeal asks us to determine whether the respondent in a § 2254 proceeding is constitutionally obliged to serve his answer and any exhibits thereto on a habeas corpus petitioner. We first consider any preliminary procedural questions (i.e., whether the habeas petitioner has a procedural right to service of the answer and any exhibits attached thereto) that might render resolution of the constitutional questions unnecessary. *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000) ("The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some ground upon which the case can be disposed of' allows and encourages the court to first resolve procedural issues." (quoting *Ashwander v. TVA*, 297 U.S. 288, 347 (1939) (Brandeis, J., concurring))).

In § 2254 proceedings, the Rules Governing Section 2254 Cases (the "Habeas Rules"), in combination with the Federal Rules of Civil Procedure (the "Civil Rules"), provide the applicable procedural law. *See* Habeas Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254."); Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts."). When they conflict, the Habeas Rules control. *See* Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Fed. R. Civ. P. 81(a)(4)(A) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases.").

Habeas Rule 5(a) requires the respondent in a § 2254 proceeding to file an answer to the petition when the "judge so orders." Habeas Rule 5(b) prescribes the required contents of the answer, specifying that it "must address the

allegations in the motion" as well as procedural bars to adjudication on the merits. Habeas Rule 5(c) requires that the answer "indicate what transcripts . . . are available, when they can be furnished, and what proceedings have been recorded but not transcribed." Finally, also under Habeas Rule 5(c), "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant."

When the respondent does, in fact, attach exhibits to the answer, there can be little dispute that those exhibits must be served together with the answer itself on the habeas petitioner. Civil Rule 5(a) provides that "a pleading filed after the original complaint" "must be served on every party." In turn, Civil Rule 7 lists "an answer to a complaint" as a "pleading" and Civil Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Considered together, the rules plainly require that the respondent serve both the answer *and* any exhibits attached thereto on the habeas petitioner.

We thus agree with the Fourth Circuit's decision in *Thompson v. Greene*, 427 F.3d 263 (4th Cir. 2005), which also reached this conclusion. *Thompson* involved a § 2254 proceeding, in which the respondent filed an answer that "contain[ed] twenty Exhibits." Although the respondent served the text of the answer on the petitioner, he neglected also to serve the attached exhibits. *See id.* at 265. The Fourth Circuit held that the Habeas and Civil Rules required service of those exhibits. *See id.* at 267. First, the Fourth Circuit reasoned that, under the habeas and civil rules, the "exhibits contained in the habeas corpus answer" are part of the answer itself for all purposes. *See id.* at 268. Second, the Fourth Circuit rejected the respondent's argument that the applicable rules do not require service of even the answer: "Although the Habeas Rules do not explicitly require service of the answer on the petitioner, such service—an elementary step in litigation in our judicial system—was plainly contemplated

when the Rules were promulgated by the Supreme Court in 1976. . . . Moreover, the Civil Rules clearly mandate service on an adversary of pleadings and their contents." *Id.* at 268-69. Finally, the Fourth Circuit concluded that it is irrelevant under the applicable rules whether (1) the habeas petitioner already does or should possess the documents; (2) that he can obtain the documents by court order; or (3) that the respondent has a general policy of not serving the documents when it would be too expensive. "Each of these contentions borders on the frivolous." *Id.* at 271. The Fourth Circuit accordingly vacated the district court's dismissal of the petitioner and remanded for further proceedings. *See id.*

Sixta relies heavily on *Thompson* in arguing for overturning the district court's judgment but, in doing so, fails to recognize a material difference between *Thompson* and the instant case: The respondent here never purported to attach the state court record, or any portions of it, as an exhibit to the answer. As explained above, while the respondent filed the entire state court record with the federal district court, he did so approximately a week or more before filing his answer. Moreover, the answer does not have any attachments or exhibits, and only cites to the state court record. Because the respondent in fact served the answer—and there were no exhibits to serve together with the answer—the respondent satisfied his procedural obligations insofar as they required him to serve the answer and the exhibits, if any, on the petitioner.[1]

This appeal does not call for us to determine whether and to what extent the applicable procedural rules or the Constitution required the respondent to attach portions of the state court record as exhibits to his answer. In particular, we do not address the nature of the respondent's duty and discretion under

---

[1] Accordingly, we need not determine whether the United States Constitution requires respondents to serve their answers and any exhibits on § 2254 habeas petitioners. Moreover, finding no error here, we need not determine whether the failure to comply with the rules' service requirement is subject to harmless-error review, or whether that failure is a structural error, as Sixta argues.

No. 07-20890

Habeas Rule 5(c) to attach those portions of the transcript that he "deems relevant." First, those issues are outside of the scope of the COA that Sixta requested and that we granted. "We have jurisdiction to address only the issue specified in the COA." *United States v. Daniels*, 588 F.3d 835, 836 (5th Cir. 2009) (citing *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997)). Second, and in any event, the parties have not adequately briefed or argued these additional questions, and they are therefore waived. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000); *see also* Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain: [the] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on the which the appellant relies."). We thus leave open the possibility that the respondent was procedurally or constitutionally required to attach some portion of the state court records as exhibits to the answer, and then to serve those exhibits together with the answer pursuant to the applicable procedural rules.

\* \* \*

Sixta has also moved for a COA as to four other issues, which we have not yet considered. Sixta seeks a COA as to whether: (1) the district court erred in denying his motion to amend his petition to include unexhausted claims as futile; (2) the district court erred in dismissing certain claims as procedurally defaulted; (3) the district court erred in concluding that Sixta's trial counsel did not render ineffective assistance in failing to consult an accident reconstruction expert and in advising Sixta not to accept the a plea offer; (4) the prosecution engaged in misconduct by soliciting knowingly perjured testimony.

A COA may be granted only if the movant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). As to those claims on which the district court denied relief on procedural grounds, "a COA should issue . . . [if] the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

8

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Having reviewed Sixta's motion and the record, we conclude that Sixta has failed to make the requisite showing as to the additional issues for which he seeks a COA.

## IV.  CONCLUSION

Accordingly, we AFFIRM the district court's judgment denying Sixta's petition for habeas relief, and DENY the remainder of his motion for a COA.

AFFIRMED; COA DENIED.