[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10887
_____

D.C. Docket No. 2:11-cv-14085-DLG

MOISE RODRIGUEZ,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 7, 2014)

Before MARTIN and JORDAN, Circuit Judges, and BAYLSON,[*] District Judge.

MARTIN, Circuit Judge:

Moise Rodriguez is a Florida state prisoner who is serving a thirty-year term

of imprisonment. He appeals from the District Court's denial of his motion to

_____

[*] Honorable Michael M. Baylson, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

reconsider the denial of his 28 U.S.C. § 2254 petition.  Mr. Rodriguez's appeal

concerns the Florida Attorney General's failure to serve him with the appendix of

exhibits it filed separately from its answer ("Appendix"), and the District Court's

refusal to compel service of those exhibits referenced in the Appendix.  Mr.

Rodriguez argues that the District Court abused its discretion in this regard.  After

a careful review of the record, and with the benefit of oral argument, we conclude

that the State was procedurally required to serve Mr. Rodriguez with the exhibits

included in the Appendix and referenced in its answer.  It was therefore an abuse

of discretion for the District Court to deny Mr. Rodriguez's motion for

reconsideration, which he filed in an effort to get these documents.

I.

In 2007, Mr. Rodriguez was convicted and sentenced to a thirty-year term of

imprisonment in Florida state court.  In 2011, after exhausting his state post-

conviction remedies, Mr. Rodriguez filed a petition to vacate his sentence pursuant

to 28 U.S.C. § 2254.  The District Court referred the case to a magistrate judge,

who ordered the State to show cause why Mr. Rodriguez's petition should not be

granted.  The magistrate judge's order also directed the State to file a

comprehensive appendix with copies of various pleadings, transcripts, briefs,

motions, and other records from previous state court proceedings.

2

The State filed its answer on May 5, 2011, arguing that Mr. Rodriguez's § 2254 petition should be denied.  Throughout its answer, the State referred to specific numbered exhibits.  A week after filing its answer, the State filed these exhibits with the District Court as its Appendix.

Although the State served Mr. Rodriguez with a copy of its answer, it never served him with a copy of any of the exhibits it had referred to in that answer. Rather, the State served a "Notice of Conventional Filing of Appendix" on Mr. Rodriguez "w/o attachments."  In an effort to get the State's exhibits before filing his reply, Mr. Rodriguez filed a motion to compel service of the referenced exhibits, which the magistrate judge denied.  The magistrate judge also denied Mr. Rodriguez's motion for reconsideration of the denial of his motion to compel.

The magistrate judge filed his Report and Recommendation on September 30, 2011, recommending that Mr. Rodriguez's petition be denied altogether.  In the Report, the magistrate judge referred to the State's exhibits, which Mr. Rodriguez had yet to receive.  On October 20, 2011, the District Court entered an order adopting the Report in its entirety and denying Mr. Rodriguez's petition on the merits.

Mr. Rodriguez objected to the magistrate judge's Report and moved for reconsideration of the District Court's denial of his petition, reiterating that he had never been given copies of the exhibits referred to by the State and the Court.  He

3

argued the State's failure to give him the exhibits violated procedural rules and his constitutional rights.  The District Court rejected both arguments and denied Mr. Rodriguez's motion for reconsideration.

On appeal, the primary question before us is simply whether Mr. Rodriguez was procedurally entitled to service of the exhibits included in the State's Appendix and referenced in its answer.[1]  The answer to that question, we conclude, is yes.

## II.

We review a District Court's order denying a motion for reconsideration for abuse of discretion.  Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).  A District Court abuses its discretion when it "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment."  United States v. Brown, 415 F.3d 1257, 1266 (11th Cir. 2005).  A District Court's misinterpretation or misapplication of a procedural rule constitutes an abuse of discretion.  See Richardson, 598 F.3d at 738–40.

At issue in this appeal is whether the Attorney General was obliged to serve Mr. Rodriguez with the exhibits included in the Appendix filed one week after, but cited throughout, the State's answer to his § 2254 petition.  Mr. Rodriguez argues

---

[1] Mr. Rodriguez's motion to compel, the denial of which formed the basis of the motion for reconsideration we now review, only requested service of the twelve exhibits referenced in the State's answer.  We therefore do not consider whether the procedural rules would require service of the remaining two exhibits included in the Appendix but not referenced in the answer.

4

that the procedural rules governing § 2254 actions required service of at least the exhibits in the Appendix referenced in the State's answer. On that basis, he says that the District Court committed legal error in denying his motion to compel service of these exhibits, and repeated and compounded this error when it denied his motion for reconsideration. In response, the Attorney General argues that service of this type of filing is never required, or alternatively that it was not required in this particular case.

After careful consideration, we conclude that a state is required to serve a petitioner with its answer to a § 2254 petition. Most important to this case, we also conclude that any exhibits or documents that are referenced in the answer and filed with the Court are part of the answer, whether the filings are made together or at different times. This being the case, service of these exhibits, like the answer itself, is procedurally required.[2] The Appendix in this case is a collection of fourteen documents filed with the court, twelve of which are referenced in the State's answer. Those referenced exhibits trigger a service requirement the State did not meet and that the District Court failed to enforce. On this record, and in

---

[2] The Concurrence recognizes several times that our holding requires service of those exhibits filed with the District Court and referenced in the answer. See Concurring Op. at 21, 38. But more often the Concurrence says that we are adopting a "broad" rule that would require service of the entire record filed with the District Court regardless of whether every document in the record is referenced in the answer. See id. at 23, 31, 32, 33, 34–35. Our opinion today does not go so far as the Concurrence sometimes suggests.

5

light of the procedural error we have described, the District Court abused its discretion when it denied Mr. Rodriguez's motion for reconsideration.

## A.

We are mindful at the outset that there are two sources of procedural rules in § 2254 proceedings.  The primary source is the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  However, if the Habeas Rules do not fully delineate the proper procedure, or if the requirements under these Rules are not clear, courts may turn to the Federal Rules of Civil Procedure ("Civil Rules") to fill in any procedural gaps and resolve lingering ambiguities.  See Rules Governing § 2254 Cases, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases . . . .").  Because the Civil Rules relevant to the resolution of this case are not inconsistent with the Habeas Rules or any other statutory provision, we draw on both sources in making our decision, just as our sister Circuits that have considered this question have also done.  See Sixta v. Thaler, 615 F.3d 569, 572 (5th Cir. 2010) (relying on Civil Rules 5(a), 7, and 10(c) to conclude that "the rules plainly

6

require that the respondent serve both the answer and any exhibits attached thereto on the habeas petitioner"); Thompson v. Greene, 427 F.3d 263, 268–69 (4th Cir. 2005) (relying on Civil Rules 5(a) and 10(c) to reach the same conclusion).

B.

First, we consider whether service of a state's answer to a § 2254 habeas petition is procedurally required.

The Habeas Rules do not explicitly require service of the answer on a habeas petitioner. See Rules Governing § 2254 Cases, Rule 5; see also Thompson, 427 F.3d at 268. But the Advisory Committee Notes, which are "a reliable source of insight into the meaning of a rule," United States v. Vonn, 535 U.S. 55, 64 n.6, 122 S. Ct. 1043, 1049 n.6 (2002), confirm that Habeas Rule 5 "necessarily implies" that service of the answer on the petitioner or his attorney is a procedural requirement. Rules Governing § 2254 Cases, Rule 5 Advisory Committee's Note, 1976 Adoption.

The complementary Civil Rules are even more definitive. Under the Civil Rules, any pleading must be served on every party, and there is no question that an answer to a complaint, such as a state's answer to a § 2254 petition, is a pleading for purposes of this service requirement. See Fed. R. Civ. P. 5(a)(1)(B), 7(a)(2). Thus, the procedural rules governing § 2254 proceedings "mandate that an answer in a habeas corpus proceeding . . . must be served on a petitioner." Thompson, 427

F.3d at 269; see also Sixta, 615 F.3d at 572 (agreeing with the decision in Thompson, and noting that in that case the Fourth Circuit "rejected the respondent's argument that the applicable rules do not require service of even the answer").

We next ask whether documents filed separate from the answer, but referred to in it, are considered part of the answer and are therefore also subject to the service requirement. The answer to this question under the Civil Rules is clearly yes. The Civil Rules provide that any "written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Because the Civil Rules require service of all pleadings, it follows that the exhibits to the pleading must also be served, regardless of whether they were filed at the same time. None of the Habeas Rules are inconsistent with this Civil Rule service requirement. What is more, we can conceive of no reason that these requirements, which cement "an elementary step in litigation in our judicial system," see Thompson, 427 F.3d at 268, should not apply with equal force in the habeas context. See Rules Governing § 2254 Cases, Rule 12; see also Sixta, 615 F.3d at 572 ("Considered together, the rules plainly require that the respondent serve both the answer and any exhibits attached thereto on the habeas petitioner.").

As we have said, we are not alone in finding that all documents referenced in the State's answer and filed with the Court must be served on the habeas petitioner.

8

Both the Fourth and the Fifth Circuits—the only other Circuit Courts of Appeals that have considered this question—reached the same conclusion we reach today relying on the very same procedural rules. Thompson, 427 F.3d at 265, 270 (requiring service of exhibits, which the Attorney General had "relied on" in his answer); Sixta, 615 F.3d at 572 ("When the respondent does, in fact, attach exhibits to the answer, there can be little dispute that those exhibits must be served together with the answer itself on the habeas petitioner."); see also id. at 572–73 (treating the fact that the answer did not cite to the attachments or exhibits filed in the appendix as a salient factor leading to its conclusion that the State had not attached any exhibits to its answer within the meaning of the procedural rules).

The situation in which the Fourth Circuit's Mr. Thompson found himself is remarkably similar to that of Mr. Rodriguez here. In Thompson, the State filed an answer to a habeas petition that attached twenty exhibits. 427 F.3d at 265. In that answer, the Attorney General "relied on the Exhibits for his contentions on why Thompson was not entitled to habeas corpus relief." Id. But the State did not serve these exhibits on Mr. Thompson, instead serving only the answer's text and "an index of the various Exhibits." Id. (quotation marks omitted). Mr. Thompson asked for the exhibits several times, maintaining that "his ability to respond to the Answer was materially hindered by the Attorney General's failure and refusal to serve the Exhibits." Id. at 266. The District Court, in a single order, dismissed Mr.

9

Thompson's habeas claims and denied his motion to compel production of the State's exhibits.  Id.  The Fourth Circuit found this to be not only repugnant to the Habeas and Civil Rules, but also inconsistent with the Due Process Clause of the United States Constitution as well as the basic tenants of our adversarial system.  Id. at 268–69 & n.7.

The reasoning in Thompson persuaded our colleagues on the Fifth Circuit who decided Sixta.[3]  It persuades us, too.  So today, we join our sister Circuits in recognizing that, even in the § 2254 context, a party referencing filed exhibits in a pleading must provide copies of those exhibits to the other parties.  This bedrock principle promotes both efficiency and fairness in civil litigation.

C.

The State's Attorney General nevertheless argues that service of the Appendix, in whole or in part, was not required here because it was neither an attachment nor an exhibit to the answer under Habeas Rule 5 or Civil Rule 10(c).  Rather, the State insists that the Appendix was entirely separate from and independent of the answer, and therefore not subject to any service requirements.  This argument strains credulity.  The documents included in the Appendix are

---

[3] The Concurrence is right that Sixta's conclusion that "the rules plainly require that the respondent serve both the answer and any exhibits attached thereto on the habeas petitioner" was not necessary to decide that case because no exhibits were in fact attached to the answer.  615 F.3d at 572–73; see also Concurring Op. at 36 n.4.  But the Fifth Circuit clearly accepted the service requirement acknowledged by the Fourth Circuit, however unnecessary it might have been to the result ultimately reached.

labeled "Exhibits." Twelve of these "Exhibits" are then cited throughout the State's answer. The Attorney General referred to these documents because they were relevant to her argument. The answer thus depends on the Appendix's referenced documents to support and lend meaning to the arguments it presents. This being the case, this collection of documents can only be an attachment or exhibit to the pleading within the meaning of the governing procedural rules.

The Attorney General, in an effort to avoid treating the documents in the Appendix that are referenced in the answer as attachments or exhibits to the answer, points to the Fifth Circuit's holding in Sixta. In that case, the Fifth Circuit held that a comprehensive appendix filed before the answer did not have to be served on the petitioner. 615 F.3d at 572–73. The timing of the filing of the appendix is not, in our view, determinative of the duty to serve. In any event, the Fifth Circuit's result relied on the fact that the answer in that case had no attachments or exhibits and "only cite[d] to the state court record."[4] Id. at 573. By contrast, the State's answer here cited extensively to the documents provided in the Appendix filed with the District Court. On this record, it simply cannot be that

---

[4] We emphasize that neither we nor the Fifth Circuit hold that a state can avoid the Habeas Rule 5 requirement to attach relevant record excerpts to the answer simply by citing directly to the state court record. See Sixta, 615 F.3d at 573 ("[W]e do not address the nature of the respondent's duty and discretion under the Habeas Rule 5(c) to attach those portions of the transcript that he 'deems relevant.'"). Indeed, failure to attach any cited documents would likely violate the explicit requirements of Habeas Rule 5. But only the duty to serve attached and referenced exhibits, not the duty to attach in the first instance, is relevant to our resolution of this case.

"[t]he respondent here never purported to attach the state court record, or any portions of it, as an exhibit to the answer," as was the case in Sixta.  Id. at 572. Although the Attorney General may wish to avoid labeling the collection of documents in the Appendix as an attachment of exhibits to the answer, the argument exalts form over substance.  We decline the Attorney General's invitation to recast the Appendix as something other than what it is.

The Attorney General's remaining arguments urging us to affirm the District Court's denial of Mr. Rodriguez's motion for reconsideration mirror those the Attorney General made in Thompson, which the Fourth Circuit summarily dismissed as "border[ing] on the frivolous."  427 F.3d at 271.  The Fourth Circuit was right.

First, the Attorney General argues that we should rule against Mr. Rodriguez because he failed to allege that he did not have the cited documents or explain which documents he needed and why.  Said another way, the Attorney General would have us require a habeas petitioner to make a particularized showing of need before he is entitled to service of the referenced exhibits.  Although the District Court found this argument persuasive, we are not persuaded.  First, Mr. Rodriguez did explain what documents he needed in his motion to compel: "the Exhibits Referenced in [the State's] Response."  This is certainly within the realm of documents the procedural rules require the State to provide.  One might expect it

could go without saying, but a procedural requirement is precisely that—a requirement. Nowhere do the Habeas or Civil Rules suggest that the service requirement is triggered only by a demonstration of particularized need, and we will not take it upon ourselves to read that unsupported precondition into them. Thus, "[i]t is irrelevant whether a petitioner can demonstrate need to the court, or whether he already has the documents." Thompson, 427 F.3d at 271.

The Attorney General goes on to urge us not to place this service burden on the State because of the costs of providing such documents. The governing federal procedural rules, however, generally do not bend to the financial burden of compliance. The State cannot abdicate its legal responsibility to provide the documents by arguing that the current "economic climate" is such that we should excuse its responsibility under the law and as a matter of law.

The State's argument that it should be excused from the burden of service because Mr. Rodriguez theoretically could have filed in forma pauperis and obtained the records from the District Courts is similarly misguided. The federal rules place the burden of serving a pleading and the exhibits to it on the filing party, not on the court adjudicating the dispute. Again, the fact that Mr. Rodriguez conceivably could have gotten these documents in other ways does not change the fact that he was procedurally entitled to get them from the State.

13

D.

We write next to respond to some of the points made in the Concurrence. To begin, we read the Concurrence to say that service of all or part of the State's filed exhibits is required only when the District Court has decided that it needs to reach the merits of the habeas petition. Concurring Op. at 21–22, 29. However, careful consideration of this proposal shows it to be impractical. At the same time, it makes a distinction between habeas petitioners who must overcome procedural impediments, and those disputing the merits of their case, that is nowhere called for by the Habeas or Civil Rules.

First, we know that when a District Court decides to dismiss a petition because of an obvious defect, it will likely do so without requiring an answer from the State at all. Rules Governing § 2254 Cases, Rule 5(a) ("The respondent is not required to answer the petition unless a judge so orders."). In this scenario, service of exhibits will never come up.

In our experience, where the District Court does require an answer from the State, it will generally wait until it gets the answer and the petitioner's reply before fully considering jurisdictional and procedural issues. Then if necessary, it will consider the merits. With this in mind, it is simply not practical to require a busy District Court to first review the pleadings and the record; think about whether it is going to rule on the merits of the petition; then if it thinks it may reach the merits,

14

issue an order requiring the State to provide the petitioner with the documents it had referred to in its answer.  Exacerbating this elaborate system is the fact that the District Court would then be obliged to give the petitioner—who would likely have already been called upon to file his reply without the necessary tools to adequately respond—another opportunity to respond to the State's answer.  See Concurring Op. at 29; cf. Day v. McDonough, 547 U.S. 198, 210, 126 S. Ct. 1675, 1684 (2006) (noting that a District Court deciding a habeas petition on timeliness grounds not raised by either party "must accord the parties fair notice and an opportunity to present their positions").  If the petitioner then raises arguably meritorious points, the District Court would necessarily, and yet again, have to review the arguments and the record to reevaluate its preliminary position.  We see nothing in the rules that calls for such a time consuming and onerous process.

And in any event, a habeas petitioner whose claims are thrown out on a procedural or jurisdictional ground deserves just as much of an opportunity to respond to the State's answer as the petitioner whose claims are dismissed on the merits.  See Rules Governing § 2254 Cases, Rules 5, 6 (establishing rules governing the filing and contents of pleadings as well as discovery without drawing any distinction based on the grounds on which a claim is likely to be decided).  The rule called for in the Concurrence would extend a full and fair

15

opportunity to respond only to those petitioners lucky enough to have the merits of their claims reached.

This distinction ignores the very real possibility—indeed, the probability—that the District Court would base even a jurisdictional or procedural ruling on documents filed alongside the State's answer (for example, trial transcripts showing that a claim is procedurally defaulted due to lack of a contemporaneous objection). If the State points to a document that purports to show that the petitioner did not exhaust his claim, or that it is procedurally defaulted, why should that petitioner not have a meaningful opportunity to review the document and explain to the District Court why the State's position is wrong? If we were to deny petitioners this opportunity, we would do so in the face of our experience that has repeatedly demonstrated that a petitioner must have a meaningful opportunity to challenge the propriety of rulings on procedural grounds. These cases often present close calls which are subject to debate. See, e.g., Conner v. Hall, 645 F.3d 1277, 1289–92 (11th Cir. 2011) (disagreeing with and reversing the District Court's determination that Mr. Conner's claim was procedurally defaulted).

The same result holds whether the documents proffered by the State lead the District Court to reject the petitioner's claim on the merits or instead on jurisdictional or procedural grounds. And this is important. Federal habeas corpus proceedings are the last chance a petitioner has to present arguable constitutional

16

violations and errors to a court capable of correcting them.  Therefore much rides on having an adversarial process structured in a way that best equips the District Court to get it right.  See Lonchar v. Thomas, 517 U.S. 314, 324, 116 S. Ct. 1293, 1299 (1996) ("Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty.").  Neither the text of the Habeas nor the Civil Rules reveal to us any reason to deviate from traditional service requirements so as to create, as the Concurrence suggests, a hierarchy of habeas petitioners, by giving some the tools necessary to respond to all of the State's arguments but not others.

It bears mention that the Fourth Circuit has, at least implicitly, rejected the Concurrence's suggestion that service should depend on the way in which the District Court decides the petition.  In Thompson, the Fourth Circuit noted that the District Court had "ordered Thompson to respond to the Attorney General's assertion that certain of his habeas corpus claims had been procedurally defaulted, but it did not authorize Thompson to address the Answer's contentions on the merits of his claim."  427 F.3d at 266.  The District Court went on to dispose of some of Mr. Thompson's claims on procedural grounds and others on the merits. Id.  But nothing in the Fourth Circuit's opinion suggests that Mr. Thompson should have been served with only those documents that related to the State's position on

17

the merits of his claim.  Neither did the Fourth Circuit imply that the District Court's decision to reach the merits of some of Mr. Thompson's claims was at all relevant to its decision on the service requirement.  Even though the facts of the case clearly presented the Fourth Circuit with the opportunity to draw the line the Concurrence urges upon us, it declined to do so.[5]  Rather, the Fourth Circuit was clear in its requirement that the State serve its answer "along with all of its exhibits" in every single case in which a party is "not in default."  Id. at 269.  The Fourth Circuit's ruling counsels against making the service requirement dependent on the basis for the District Court's ultimate resolution of the claim.

Neither do we see how our holding is going to require the State to engage in the "expensive" and "time-consuming and detailed task" of "searching for transcripts, exhibits and other documents from state court stenographers, reporters, and clerks,"  Concurring Op. at 31, beyond what it will already have done in preparing its answer to the petition.  If the State has already cited to or referenced a document in its answer, it has certainly already found that document in the process of coming to rely upon it.  Our ruling no more requires the State to search through the record of a case than Habeas Rule 5(c) already does.  Rules Governing § 2254

---

[5] The Fifth Circuit also did not seize on a similar opportunity in Sixta, although unlike in Thompson, it was not apparent from the Fifth Circuit's description of the case.  But a review of the decision on Mr. Sixta's petition reveals that the District Court disposed of some claims on the merits and others on procedural grounds.  Sixta v. Quarterman, No. H-07-0118, 2007 WL 3270394, at *3–8 (S.D. Tex. Nov. 2, 2007).

18

Cases, Rule 5(c) ("The respondent must attach to the answer parts of the transcript that the respondent considers relevant.").

Finally, we emphasize that providing records to a petitioner at one time or another during his state prosecution and direct appeal by no means assures that he will have those records at the critical moment the State files its answer to his habeas petition and references specific documents. For starters, it will often be difficult for a District Court to figure out whether a petitioner got the records. We also know that a prisoner's papers are often lost, damaged, or destroyed during his incarceration. And civil service requirements were not designed only to provide those documents a party can show it no longer has. Fed. R. Civ. P. 5(a), 10(c). If a civil litigant attaches a document to a pleading, it must provide that document to the other party, even if he might already have it. Nothing in the Habeas Rules counsels against importing this same clear, consistent, and unwavering requirement to the habeas context.

For these reasons, we cannot acquiesce in the Concurrence's proposal. The relevant procedural rules, the principles underlying our adversarial system, and fundamental fairness require the rule we have adopted today. It is one that should have been applied to Mr. Rodriguez's case, and one that must be applied from here on.

19

III.

In substance, the State's filed Appendix is made up of several documents that are attachments or exhibits to the State's answer. Mr. Rodriguez was procedurally entitled to the documents in the Appendix that are referenced in the answer filed by the State. Because the District Court and the magistrate judge erred in interpreting the procedural rules, and because this error infected the proceedings against Mr. Rodriguez, it was an abuse of discretion for the District Court to deny his motion for reconsideration over his objections to the underlying procedural violations. See Brown, 415 F.3d at 1266; Richardson, 598 F.3d at 740.

We **REVERSE** the District Court's denial of Mr. Rodriguez's motion for reconsideration. This case is **REMANDED** with instructions that the State serve Mr. Rodriguez with the twelve documents in the Appendix to which he is procedurally entitled so that he may be allowed to amend his reply to the State's answer. After that amended reply is filed, the District Court should adjudicate the merits of the fully briefed habeas corpus petition.

Baylson, District Judge, concurring:

I concur in the result, but I decline to join the broad ruling of the majority, particularly requiring that, when an answer is filed to a habeas petition, all exhibits and items "referenced" in the answer, must <u>always</u> be served on the petitioner.

I agree with the majority that the factual record in this case requires a reversal.  The district court should have required that the Florida Attorney General provide to petitioner a copy of the appendix to its answer.  This is the correct result in this case, but not because the appendix to the answer had been filed with the district court.  More importantly, the district court decided (correctly), to consider the petition on the merits and extensively relied on and quoted from testimony and exhibits in the appendix, in deciding to deny the petition.  Without the full record, petitioner was unable to meaningfully participate.

Although it is well established by Habeas Rule 12, that the Federal Rules of Civil Procedure may be applied in construction of the habeas rules, this application is not mandatory. Rules Governing § 2254 Cases, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

In my view, a proper construction of Habeas Rule 5 would not require service of exhibits to an answer unless a district court specifically so orders,

usually after it determines it has jurisdiction, the petition is timely, the petitioner has exhausted state court remedies, and a review of the substantive merits of the petition will follow.

## A.    This Case

In this case, the district court had jurisdiction, the petition was timely and petitioner had exhausted his state court remedies.  Therefore, the Magistrate Judge was obliged to make a detailed review of the allegations of the petition, the state's response, and the factual record.

In this case, the responding state law enforcement agency, as part of its answer to the habeas petition, had filed the state court trial record in a detailed appendix. Because the district court found it appropriate to rely on and cite to the contents of the appendix in its adjudication of the habeas petition on the merits, fundamental fairness requires that the petitioner should have received a copy of the answer and appendix in sufficient time to allow for review, and to submit argument and/or evidence to the district court.

The record shows petitioner had some parts of the trial record, but there is no showing he had access to all the materials in the appendix on which the respondent and the Magistrate Judge relied.  Petitioner's motion to compel service of the appendix should have been granted.  Alternatively, petitioner's motion for

reconsideration should have been granted. The denial of these motions was an abuse of discretion in this case.

After the filing of a Report and Recommendation that his petition be denied, petitioner filed objections, which were overruled by the District Judge without opinion. Petitioner contends that access to the full appendix would have aided him in requesting leave to amend the petition, file a reply brief and/or making more detailed objections to the Report and Recommendation. We do not have to determine that petitioner would have necessarily been successful; his lack of a full appendix was prejudicial.

The majority's broad holding, requiring not only service of an answer, but also the record filed with the answer, and items "referenced" in the answer, in every habeas case, is not required to decide this case. Further, it is a result not required under any rule or legal precedent. I further believe it is a bad precedent and ignores the reality of how habeas cases are usually managed in district courts.

## B.    Habeas Rules 4 and 5

The language and structure of the Habeas Rules does not require the broad ruling by the majority.

Initially, separate rules exist for habeas cases because they are a unique type of civil litigation. Their disposition is not governed by any common law rule, but

23

by a specific statute, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted by Congress in 1996, 28 USC § 2254.  Adjudication of federal habeas petitions from state court convictions is important to the administration of criminal justice, for principles of federalism, as well as to the petitioners and prosecutors.  See generally Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1316, 182 L. Ed. 2d 272 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.").  The very limited review of state court criminal convictions under Section 2254 was recently emphasized by the United States Supreme Court in Burt v. Titlow, __ U.S. __, 134 S. Ct. 10 (2013).

The consideration of a Section 2254 petition by a federal district court (often referred to a Magistrate Judge for a Report and Recommendation) is a step-by-step process:

> (1)    The Clerk must serve a copy of the petition and any order on the respondent and appropriate state officer under Habeas Rule 4.  Under Habeas Rule 5 "a respondent is not required to answer the petition unless a judge so orders."

24

Habeas Rule 4 further states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Thus, the court determines whether, after reviewing the petition, an answer should be required from the responding state law enforcement agency, often the state attorney general or a local district attorney.

(2)    If the court requires an answer, then Rule 5 requires the respondent state law enforcement agency to "attach to the answer parts of the transcript that the respondent considers relevant" and must indicate what transcripts are available, and what recorded proceedings have not yet been transcribed. Prior state appellate court briefs, opinions, and dispositive orders must also be filed with the answer.[1]

---

[1] Although the majority is correct that in non-habeas civil cases, an exhibit "attached" to a pleading must be served, along with the pleading, there are good reasons for not following this rule in habeas cases, until the district court has need to review the state court record. The absence of any service requirement in Rule 5 allows an exception to the normal civil rules. Requiring service of an answer, itself, is not burdensome on the state court prosecutors. However, the majority's opinion also requires service of any item "referenced" in the pleading, and there is no requirement in the civil rules to support this.

25

As Rule 5(b) provides, the state must also, in its answer, indicate whether the claim is barred for reasons such as the statute of limitations or for reasons such as failure to exhaust state remedies, procedural bars, non-retroactivity, or a second or successive petition. Even if the district court determines that an answer should be filed, it may still determine the habeas petition must be dismissed on one or more of these grounds. If so, the district court has likely not considered any record submitted by the respondent, but has likely ruled, based on the contents of the petition itself, and relevant state court opinions. The detailed trial transcripts and trial exhibits are not likely to be relevant for consideration of dismissal on any of these grounds.

(3)    The district court then determines either after step (1) or after steps (1) and (2), whether the petition is timely and whether the petitioner has exhausted his state court remedies. If not, the court is obliged to dismiss the petition. If the petition is not timely, the dismissal will likely be with prejudice. If petitioner has not exhausted state court remedies, the dismissal will likely be without prejudice so petitioner can return to state court for exhaustion purposes, and then refile in federal court. With some exceptions, the district court will also dismiss for lack of jurisdiction if it finds the petition is a "second or successive" petition. 28 U.S.C. § 2244(b).

26

(4)    If the district court finds the petition is not barred by any of the reasons set forth above, then the district court must undertake a full examination of the merits of the petition.

Habeas Rule 5 allows the district court judge discretion as to when to require that respondent, or the state court itself, supply additional portions of the record. At this point, the answer and any portions of the record filed by the respondent with the answer, or subsequently, should be served on the petitioner. Once the district court determines review of the habeas petition on its merits is appropriate, fundamental fairness requires that the petitioner shall have the answer and record as filed. As in the case, without the answer and record, the petitioner cannot appropriately participate in the adjudication of the petition on the merits, by seeking to move to amend the petition, file a reply brief as allowed by Rule 5(e), and/or file detailed objections if the report and recommendation is adverse to petitioner.[2]

Prior to stage (4), the district court has, in all likelihood, not reviewed the record in any detail, but has only made a preliminary examination, most likely

---

[2] Except in death penalty cases, petitioners in Section 2254 cases are not entitled to appointment of counsel unless the court decides to appoint counsel. 28 U.S.C. § 2254(h). Criminal Justice Act funds are not generally available for appointment of counsel for habeas petitioners in non-capital cases, unless a court holds an evidentiary hearing, Habeas Rule 8(c), or "if necessary for effective discovery." Habeas Rule 6,  As most petitioners are therefore proceeding pro se, the petitioner does not have counsel on whom to rely for assistance.

from the petition itself, the answer, and the state court opinions and briefs (also required to be filed with the answer by the respondent), to determine whether the petition is timely and petitioner has exhausted state court remedies.

Most importantly, Rule 5(b), recognizes the sequential nature of habeas review when it specifies that the respondent itself need only file portions of the record it considers "relevant." If the respondent believes that the petitioner is not entitled to review on the merits, the attached record may be limited to that issue. However, the judge need not accept the respondent's determination of what is relevant, after full review of the petition and the answer, and order respondent to file any additional portions of the record at the judge's discretion.

Although Habeas Rule 5(e) provides for a reply brief, it may only be filed "within a time fixed by the judge." This language confirms the step-by-step approach detailed above and acknowledges the need for individual judicial management of each particular habeas case, rather than a broad rule that will apply in all cases.

The reason for this structure is obvious. In reviewing the petition, if it plainly appears from the petition, with or without an answer and/or attached record of prior proceedings, that the petition should be dismissed because of legal principles relating to jurisdiction, timeliness or exhaustion, without further inquiry

28

into the merits, the district court may do so, thus obviating detailed review of the petitioner's substantive claims.

These legal principles result in frequent dismissals of Section 2254 petitions. If the defect can be remedied, the dismissal will be without prejudice.

If the district court determines that the petition deserves consideration on the merits, then, at that time, the district court, by whatever means is appropriate, (a court order, letter to the prosecutor, etc.) should require service on the petitioner, and provide the petitioner with time to review the answer and the record, and an opportunity to either amend the petition, file a reply brief in opposition to the state's response (as provided in Habeas Rule 5(e)), or file objections if a magistrate judge has issued a report and recommendation that the petition be denied.

The majority notes that 28 U.S.C. § 2250, which entitles indigent petitioners to secure documents from the clerk without cost, is an insufficient solution to the disposition of this case. I agree Section 2250 is not an efficient remedy, because the clerk can only copy what has already been filed in the district court. Magistrate judges can more easily secure the record, as described in Habeas Rule 5, and require a respondent to serve it on the petitioner. However, the language of Section 2250 supports my view that management of habeas cases requires a

judicially-controlled scheme to provide a petitioner with portions of the record only when the judge requires it to be furnished:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office *as may be required by order of the judge before whom the application is pending*.

28 U.S.C. § 2250 (emphasis added).

One of the leading commentaries on federal habeas practices, Federal Habeas Corpus Practice and Procedure, discusses the structure of the initial stages of habeas corpus practices.  After some history on this topic, the authors write: "After the petition is filed, there are several points at which the question may arise whether the court should dismiss the pleading (the petition) summarily because the grounds for relief asserted are facially lacking in merit." 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 15.2[a] (6th ed. 2011). The treatise then discusses in some detail, with supporting footnotes, some of the procedural steps noted above.  Although the authors contend that Rule 5 "necessarily implies" that the "answer" will be mailed to the petitioner (or to his

attorney if he has one), the treatise says nothing about service of the record itself. Id. at § 16.1[b].

## C.    Reasons Why the Majority's Rule is Problematic and Burdensome

Requiring service of an answer and the record whenever filed, in each and every Section 2254 case, no matter how groundless, untimely or premature the habeas petition may be, puts an expensive burden on state court prosecutors. Obviously, compliance with these provisions can be a very time-consuming and detailed task by the responding state agency, sometimes requiring a great deal of searching for transcripts, exhibits and other documents from state court stenographers, reporters, and clerks.  In terms of volume of paper, a lengthy state court trial, direct appeals and state post-conviction proceedings, can result in a multi-volume set of proceedings, encompassing hundreds or even thousands of pages.

In addition to the burden imposed on state prosecutors, this broad rule is also likely to impose burdens on federal judicial officers.  Many petitioners do not fully understand the substantial procedural hurdles the court must "jump over" before considering a Section 2254 petition on the merits.  Petitioners may view the receipt of an answer with exhibits and the state court record as an opportunity to further advocate the merits of their petition.  The majority's rule may result in this increased volume of paper—habeas petitioners do not use electronic filing—which

31

is of naught until and unless the court determines review on the merits is appropriate.

I believe that the language in the majority's opinion which requires, in every habeas case, service of factual materials that are attached or merely "referenced" in an answer would have unintended adverse consequences. The ruling may invite state law enforcement agencies in this Circuit to file very general answers, without any attachments or references to factual materials, just to avoid serving them on the petitioner. Prosecutors arguably have this right because Rule 5(c) gives discretion to the prosecutor to determine what is "relevant." They will be naturally inclined to adopt a very narrow view of what is "relevant."[3] The unintended consequence of language broader than necessary to decide this case will likely make the state's answers to petitions much less useful to district court judicial officers.

A useful booklet recently published by the Federal Judicial Center, Section 2254 for Capital Habeas Cases: A Pocket Guide For Judges, specifically notes that the treatment of habeas cases is often framed by local practice and culture: "The

---

[3] As the Rule gives discretion to respondent—usually the state's attorney general or a local prosecutor—at this stage to determine what portions of the record are relevant, respondent must exercise the professional responsibility expected of a prosecutor. Presumably, if the prosecutor believes in good faith that the petition should be dismissed without any further proceedings, it will file only those portions of the record that support its position.

approach utilized by district court to manage a first-time habeas petition often revolves around local practice and culture, as well as specific issues presented by an individual case."  Kristine M. Fox, Section 2254 for Capital Habeas Cases: A Pocket Guide For Judges 17 (2012).  Although this practical publication is mostly devoted to management of capital habeas cases, the above quotation reflects the truism of how habeas cases are often managed.

However, I do not believe that the majority's broad, circuit-wide rule, requiring service of the answer and record each and every time they are filed in the district court, should be binding on all habeas cases within the Eleventh Circuit.

## D.    Applicable Law and Practice Does Not Require the Majority's Broad Ruling

We should also take into account the holding of McBride v. Sharpe, 25 F.3d 962 (11th Cir. 1994) (en banc), which considered the impact of Habeas Rule 8 in the context of a motion for summary judgment, and the provisions of Rule 56(c), which at that time required ten day notice to the moving party if the Court was going to consider evidence outside the record.  Petitioner McBride contended that the ten-day notice requirement of Rule 56 should be applied in every habeas case in which the respondent had moved for summary judgment.  Id.  After discussion of prior Eleventh Circuit cases reviewing the habeas procedural rules and decisions

33

from the Fifth Circuit, this Court *en banc* rejected the petitioner's arguments and concluded the following:

> We find Rule 56(c) notice inconsistent with a Habeas Rule 8(a) disposition when the parties do not raise issues requiring a factual inquiry outside the record and the district court does not rely on material outside the record in disposing of the petition. Thus, we hold that the ten-day notice requirement of Rule 56(c) does not apply to such a disposition pursuant to Habeas Rule [12].

Id. at 973.  I respectfully believe that the holding of McBride counsels against a broad, circuit-wide rule based on Habeas Rule 5, making service of an answer and the record mandatory in all cases.

There are at least two situations in which the majority's expansive, circuit-wide interpretation of Rule 5 may be unnecessary.

The first is where, by state or local practice, a defendant who has been convicted of a crime is provided with a copy of the trial transcript and exhibits as a matter of course. This could occur after the trial itself, or pursuant of any direct appeal in the state appellate courts, or through a state post-conviction remedy procedure.  In some states, a local government protocol, a rule of court or local practice may require defense counsel, or the prosecutor itself, to provide the defendant with a copy of the trial record, including exhibits.  There has been no information provided to this court on this topic. Requiring service of the answer

34

and record in every case may impose unnecessary costs of duplication and waste paper.

The second situation would arise where a responding state agency files the full record with district court as a matter of course in every Section 2254 case. However, if the state contends (or the court *sua sponte* concludes) that the petition should be denied on legal grounds, such as timeliness or failure to exhaust, and the district court agrees, then the court has not considered the merits and presumably, did not consult or rely on the record. If the district court has not considered the record at all, the mere fact that it was filed with the court is irrelevant, and the lack of service on the petitioner does not result in any fundamental breach of fairness.

I also respectfully suggest that since this case is apparently the first opportunity for this court to determine the scope of Habeas Rule 5, a broad, circuit-wide rule is not necessary. If the majority had limited its holding to the facts of this case, district court judges within this circuit would recognize their obligation to carefully determine those habeas cases which need to be decided on the merits, and then require service of the answer and record on petitioner. The majority's broad, circuit-wide rule requiring automatic service of the answer and record in every case they are filed is not necessary, and will increase the burden and expenses on local prosecutors.

Although, as the majority points out, the Fourth Circuit in Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005), adopted a broad reading of Habeas Rule 5, the facts of Thompson revealed a very arbitrary state attorney general practice of not serving exhibits to a petitioner when there were more than five exhibits.  The Florida Attorney General does not employ such an arbitrary practice. However, in both Thompson and this case, the district court relied heavily on the exhibits in denying the petitioner's Section 2254 petition.  In such circumstances, a petitioner does not have the ability to adequately respond unless petitioner has had full access to the trial record; the judicial officer embarking on a detailed examination of the trial record and adjudicating a Section 2254 petition on the merits should require that petitioner have a copy of the record as filed in the district court. As noted, many petitions are dismissed before the court reviews the merits.

Moreover, Thompson, is the only reported decision making such a broad based holding on Habeas Rule 5.[4]  Prior Eleventh Circuit cases[5] and other district court cases[6] have declined to construe Rule 5 as the majority has here.

---

[4] Cf. Sixta v. Thaler, 615 F.3d 569, 572 (5th Cir. 2010) (upholding the district court's ruling because the government's response did not include any exhibits, but in dictum agreeing that Rule 5 requires attachments to be served when filed).

[5] Hill v. Linahan, 697 F.2d 1032, 1034-35 (11th Cir. 1983) ("Hill was entitled to notice that the state's request for a Rule 9(a) dismissal would be treated as a motion for summary judgment and an opportunity to offer evidence in opposition to the motion."); Allen v. Newsome, 795 F.2d 934 (11th Cir. 1986) (finding the district court could take judicial notice of the first petition because

36

In commenting on this concurrence, the majority cites two Supreme Court cases, both of which strongly support my approach. In Day v. McDonough, 547 U.S. 198, 210 (2006), the Court affirmed this Court's approval of a *sua sponte* dismissal of a habeas petition as time-barred. Id. at 210. Justice Ginsburg concluded that Habeas Rule 4 does not preclude *sua sponte* findings and procedural defaults, unlike the corresponding Federal Rule of Civil Procedure 8(c), which treats them as waivable affirmative defenses. Id. at 209. Day supports a step-by-step approach to habeas petitions, and emphasizes the greater judicial discretion to manage pleadings in habeas cases than under the civil rules. The Court in Lonchar v. Thomas, a death penalty case, concluded this Court erred in

petitioner was aware of its contents, and in that circumstance it was proper to dismiss the second petition as a barred successive petition without complying with Rule 56(c)).

[6] Davis v. McDonough, 804-CV-0989-T-27TGW, 2007 WL 3306772 at *2 (M.D. Fla. Nov. 6, 2007) (finding the petitioner was not entitled to a copy of the exhibits because "Rule 5, Rules Governing Section 2254 Cases, does not explicitly require service of the exhibit); Norris v. Crosby, 8:06-CV-163-T27TBM, 2007 WL 128822 at*1 (M.D. Fla. Jan. 12, 2007) ("Petitioner's reliance on the Fourth Circuit's opinion in Thompson in support of his argument is unpersuasive. As the Thompson court noted, Rule 5, Rules Governing Section 2254 Cases (2006), does not explicitly require service of the exhibits."); Taylor v. McNeil, 8:08-CV-774-T-30MAP, 2008 WL 5235113, at * 1 (M.D. Fla. Dec. 15, 2008) (finding the petitioner was not entitled to copies of the record, because the application of the civil rules to the habeas rules is not mandatory and the petitioner did not file for leave to proceed in forma pauperis); Beauclair v. Goddard, 10-3128-SAC, 2012 WL 763103 (D. Kan. Mar. 6, 2012) ("Petitioner does not proceed in forma pauperis in this matter, has not demonstrated any specific need for copies of the state court record in part or in whole, and has not pursued discovery as provided under habeas rules."); Foss v. Martel, 2:09-CV-3551-JAM-JFM, 2011 WL 2414512 (E.D. Cal. June 10, 2011) ("While Thompson and Pindale both relied on the Federal Rules of Civil Procedure to reach their conclusion, the court notes that pursuant to Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure 'may be applied' to a habeas proceeding. . . [but] this is a permissive rather than mandatory rule.").

denial of a habeas petition for generalized "equitable reasons." 517 U.S. 314, 329 (1996). Justice Breyer discusses at length the discretion the Habeas Rules afford to district courts "to tailor the proceedings to dispose quickly, efficiently, and fairly of first habeas petitions that lack substantial merit, while preserving more extensive proceedings for those petitions raising serious questions." Id. at 325.

Thus, contrary to the majority's concern that this multi-step process would burden district courts, Day and Lonchar support an interpretation of the Habeas Rules which envision a post-answer expansion of the record when needed.

Because the varying court opinions have resulted in some controversy, I will recommend to the Advisory Committee on Civil Rules that it study a revision of Habeas Rule 5 and make a specific provision as to when the answer and record should be served on the petitioner. The Advisory Committee can gather empirical evidence and review local practices that may vary from district to district, and circuit to circuit, and recommend revisions which will be followed by the opportunity for public comment and review by the Judicial Conference. The goal is to achieve fairness and justice, but not to overly complicate the obligations of busy prosecutors and judges. Also, I believe that review by the Advisory Committee is a superior way of addressing the issues presented in this case, rather than a blanket uniform rule requiring service of the answer and record "attached" or "referenced" in every case.