MARTIN, Circuit Judge:
Moise Rodriguez is a Florida state prisoner who is serving a thirty-year term of imprisonment. He appeals from the District Court’s denial of his motion to reconsider the denial of his 28 U.S.C. § 2254 petition. Mr. Rodriguez’s appeal concerns the Florida Attorney General’s failure to serve him with the appendix of exhibits it filed separately from its answer (“Appendix”), and the District Court’s refusal to compel service of those exhibits referenced in the Appendix. Mr. Rodriguez argues that the District Court abused its discretion in this regard. After a careful review of the record, and with the benefit of oral argument, we conclude that the State was procedurally required to serve Mr. Rodriguez with the exhibits included in the Appendix and referenced in its answer. It was therefore an abuse of discretion for the District Court to deny Mr. Rodriguez’s motion for reconsideration, which he filed in an effort to get these documents.
I.
In 2007, Mr. Rodriguez was convicted and sentenced to a thirty-year term of imprisonment in Florida state court. In 2011, after exhausting his state post-conviction remedies, Mr. Rodriguez filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2254. The District Court referred the case to a magistrate judge, who ordered the State to show cause why Mr. Rodriguez’s petition should not be granted. The magistrate judge’s order also directed the State to file a comprehensive appendix with copies of various pleadings, transcripts, briefs, motions, and other records from previous state court proceedings.
The State filed its answer on May 5, 2011, arguing that Mr. Rodriguez’s § 2254 petition should be denied. Throughout its answer, the State referred to specific numbered exhibits. A week after filing its answer, the State filed these exhibits with the District Court as its Appendix.
Although the State served Mr. Rodriguez with a copy of its answer, it never served him with a copy of any of the exhibits it had referred to in that answer. Rather, the State served a “Notice of Conventional Filing of Appendix” on Mr. Rodriguez “w/o attachments.” In an effort to get the State’s exhibits before filing his reply, Mr. Rodriguez filed a motion to compel service of the referenced exhibits, which the magistrate judge denied. The magistrate judge also denied Mr. Rodriguez’s motion for reconsideration of the denial of his motion to compel.
The magistrate judge filed his Report and Recommendation on September 30, 2011, recommending that Mr. Rodriguez’s petition be denied altogether. In the Report, the magistrate judge referred to the State’s exhibits, which Mr. Rodriguez had yet to receive. On October 20, 2011, the District Court entered an order adopting the Report in its entirety and denying Mr. Rodriguez’s petition on the merits.
Mr. Rodriguez objected to the magistrate judge’s Report and moved for reconsideration of the District Court’s denial of *1075 his petition, reiterating that he had never been given copies of the exhibits referred to by the State and the Court. He argued the State’s failure to give him the exhibits violated procedural rules and his constitutional rights. The District Court rejected both arguments and denied Mr. Rodriguez’s motion for reconsideration.
On appeal, the primary question before us is simply whether Mr. Rodriguez was procedurally entitled to service of the exhibits included in the State’s Appendix and referenced in its answer.[1] The answer to that question, we conclude, is yes.
II.
We review a District Court’s order denying a motion for reconsideration for abuse of discretion. Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir.2010). A District Court abuses its discretion when it “applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment.” United States v. Brown, 415 F.3d 1257, 1266 (11th Cir.2005). A District Court’s misinterpretation or misapplication of a procedural rule constitutes an abuse of discretion. See Richardson, 598 F.3d at 738-40.
At issue in this appeal is whether the Attorney General was obliged to serve Mr. Rodriguez with the exhibits included in the Appendix filed one week after, but cited throughout, the State’s answer to his § 2254 petition. Mr. Rodriguez argues that the procedural rules governing § 2254 actions required service of at least the exhibits in the Appendix referenced in the State’s answer. On that basis, he says that the District Court committed legal error in denying his motion to compel service of these exhibits, and repeated and compounded this error when it denied his motion for reconsideration. In response, the Attorney General argues that service of this type of filing is never required, or alternatively that it was not required in this particular case.
After careful consideration, we conclude that a state is required to serve a petitioner with its answer to a § 2254 petition. Most important to this case, we also conclude that any exhibits or documents that are referenced in the answer and filed with the Court are part of the answer, whether the filings are made together or at different times. This being the case, service of these exhibits, like the answer itself, is procedurally required.[2] The Appendix in this case is a collection of fourteen documents filed with the court, twelve of which are referenced in the State’s answer. Those referenced exhibits trigger a service requirement the State did not meet and that the District Court failed to enforce. On this record, and in light of the procedural error we have described, the District Court abused its discretion when it denied Mr. Rodriguez’s motion for reconsideration.
*1076 A.
We are mindful at the outset that there are two sources of procedural rules in § 2254 proceedings. The primary-source is the Rules Governing Section 2254 Cases in the United States District Courts (“Habeas Rules”). However, if the Habe-as Rules do not fully delineate the proper procedure, or if the requirements under these Rules are not clear, courts may turn to the Federal Rules of Civil Procedure (“Civil Rules”) to fill in any procedural gaps and resolve lingering ambiguities. See Rules Governing § 2254 Cases, Rule 12 (“The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.”); Fed.R.Civ.P. 81(a)(4) (“These rules apply to proceedings for ha-beas corpus ... to the extent that the practice in those proceedings ... is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases.... ”). Because the Civil Rules relevant to the resolution of this case are not inconsistent with the Habeas Rules or any other statutory provision, we draw on both sources in making our decision, just as our sister Circuits that have considered this question have also done. See Sixta v. Thaler, 615 F.3d 569, 572 (5th Cir.2010) (relying on Civil Rules 5(a), 7, and 10(c) to conclude that “the rules plainly require that the respondent serve both the answer and any exhibits attached thereto on the habeas petitioner”); Thompson v. Greene, 427 F.3d 263, 268-69 (4th Cir.2005) (relying on Civil Rules 5(a) and 10(c) to reach the same conclusion).
B.
First, we consider whether service of a state’s answer to a § 2254 habeas petition is procedurally required.
The Habeas Rules do not explicitly require service of the answer on a habeas petitioner. See Rules Governing § 2254 Cases, Rule 5; see also Thompson, 427 F.3d at 268. But the Advisory Committee Notes, which are “a reliable source of insight into the meaning of a rule,” United States v. Vonn, 535 U.S. 55, 64 n. 6, 122 S.Ct. 1043, 1049 n. 6, 152 L.Ed.2d 90 (2002), confirm that Habeas Rule 5 “necessarily implies” that service of the answer on the petitioner or his attorney is a procedural requirement. Rules Governing § 2254 Cases, Rule 5 Advisory Committee’s Note, 1976 Adoption.
The complementary Civil Rules are even more definitive. Under the Civil Rules, any pleading must be served on every party, and there is no question that an answer to a complaint, such as a state’s answer to a § 2254 petition, is a pleading for purposes of this service requirement. See Fed.R.Civ.P. 5(a)(1)(B), 7(a)(2). Thus, the procedural rules governing § 2254 proceedings “mandate that an answer in a habeas corpus proceeding ... must be served on a petitioner.” Thompson, 427 F.3d at 269; see also Sixta, 615 F.3d at 572 (agreeing with the decision in Thompson, and noting that in that case the Fourth Circuit “rejected the respondent’s argument that the applicable rules do not require service of even the answer”).
We next ask whether documents filed separate from the answer, but referred to in it, are considered part of the answer and are therefore also subject to the service requirement. The answer to this question under the Civil Rules is clearly yes. The Civil Rules provide that any “written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.” Fed.R.Civ.P. 10(c). Because the Civil Rules require service of all pleadings, it follows that the exhibits to the *1077 pleading must also be served, regardless of whether they were filed at the same time. None of the Habeas Rules are inconsistent with this Civil Rule service requirement. What is more, we can conceive of no reason that these requirements, which cement “an elementary step in litigation in our judicial system,” see Thompson, 427 F.3d at 268, should not apply with equal force in the habeas context. See Rules Governing § 2254 Cases, Rule 12; see also Sixta, 615 F.3d at 572 (“Considered together, the rules plainly require that the respondent serve both the answer and any exhibits attached thereto on the habeas petitioner.”).
As we have said, we are not alone in finding that all documents referenced in the State’s answer and filed with the Court must be served on the habeas petitioner. Both the Fourth and the Fifth Circuits— the only other Circuit Courts of Appeals that have considered this question— reached the same conclusion we reach today relying on the very same procedural rules. Thompson, 427 F.3d at 265, 270 (requiring service of exhibits, which the Attorney General had “relied on” in his answer); Sixta, 615 F.3d at 572 (“When the respondent does, in fact, attach exhibits to the answer, there can be little dispute that those exhibits must be served together with the answer itself on the ha-beas petitioner.”); see also id. at 572-73 (treating the fact that the answer did not cite to the attachments or exhibits filed in the appendix as a salient factor leading to its conclusion that the State had not attached any exhibits to its answer within the meaning of the procedural rules).
The situation in which the Fourth Circuit’s Mr. Thompson found himself is remarkably similar to that of Mr. Rodriguez here. In Thompson, the State filed an answer to a habeas petition that attached twenty exhibits. 427 F.3d at 265. In that answer, the Attorney General “relied on the Exhibits for his contentions on why Thompson was not entitled to habeas corpus relief.” Id. But the State did not serve these exhibits on Mr. Thompson, instead serving only the answer’s text and “an index of the various Exhibits.” Id. (quotation marks omitted). Mr. Thompson asked for the exhibits several times, maintaining that “his ability to respond to the Answer was materially hindered by the Attorney General’s failure and refusal to serve the Exhibits.” Id. at 266. The District Court, in a single order, dismissed Mr. Thompson’s habeas claims and denied his motion to compel production of the State’s exhibits. Id. The Fourth Circuit found this to be not only repugnant to the Habeas and Civil Rules, but also inconsistent with the Due Process Clause of the United States Constitution as well as the basic tenants of our adversarial system. Id. at 268-69 & n. 7.
The reasoning in Thompson persuaded our colleagues on the Fifth Circuit who decided Sixta.[3] It persuades us, too. So today, we join our sister Circuits in recognizing that, even in the § 2254 context, a party referencing filed exhibits in a pleading must provide copies of those exhibits to the other parties. This bedrock principle promotes both efficiency and fairness in civil litigation.
*1078 C.
The State’s Attorney General nevertheless argues that service of the Appendix, in whole or in part, was not required here because it was neither an attachment nor an exhibit to the answer under Habeas Rule 5 or Civil Rule 10(c). Rather, the State insists that the Appendix was entirely separate from and independent of the answer, and therefore not subject to any service requirements. This argument strains credulity. The documents included in the Appendix are labeled “Exhibits.” Twelve of these “Exhibits” are then cited throughout the State’s answer. The Attorney General referred to these documents because they were relevant to her argument. The answer thus depends on the Appendix’s referenced documents to support and lend meaning to the arguments it presents. This being the case, this collection of documents can only be an attachment or exhibit to the pleading within the meaning of the governing procedural rules.
The Attorney General, in an effort to avoid treating the documents in the Appendix that are referenced in the answer as attachments or exhibits to the answer, points to the Fifth Circuit’s holding in Sixta. In that case, the Fifth Circuit held that a comprehensive appendix filed before the answer did not have to be served on the petitioner. 615 F.3d at 572-73. The timing of the filing of the appendix is not, in our view, determinative of the duty to serve. In any event, the Fifth Circuit’s result relied on the fact that the answer in that case had no attachments or exhibits and “only cite[d] to the state court record.” [4] Id. at 573. By contrast, the State’s answer here cited extensively to the documents provided in the Appendix filed with the District Court. On this record, it simply cannot be that “[t]he respondent here never purported to attach the state court record, or any portions of it, as an exhibit to the answer,” as was the case in Sixta. Id. at 572. Although the Attorney General may wish to avoid labeling the collection of documents in the Appendix as an attachment of exhibits to the answer, the argument exalts form over substance. We decline the Attorney General’s invitation to recast the Appendix as something other than what it is.
The Attorney General’s remaining arguments urging us to affirm the District Court’s denial of Mr. Rodriguez’s motion for reconsideration mirror those the Attorney General made in Thompson, which the Fourth Circuit summarily dismissed as “border[ing] on the frivolous.” 427 F.3d at 271. The Fourth Circuit was right.
First, the Attorney General argues that we should rule against Mr. Rodriguez because he failed to allege that he did not have the cited documents or explain which documents he needed and why. Said another way, the Attorney General would have us require a habeas petitioner to make a particularized showing of need before he is entitled to service of the referenced exhibits. Although the District Court found this argument persuasive, we are not persuaded. First, Mr. Rodriguez did explain what documents he needed in *1079 his motion to compel: “the Exhibits Referenced in [the State’s] Response.” This is certainly within the realm of documents the procedural rules require the State to provide. One might expect it could go without saying, but a procedural requirement is precisely that — a requirement. Nowhere do the Habeas or Civil Rules suggest that the service requirement is triggered only by a demonstration of particularized need, and we will not take it upon ourselves to read that unsupported precondition into them. Thus, “[i]t is irrelevant whether a petitioner can demonstrate need to the court, or whether he already has the documents.” Thompson, 427 F.3d at 271.
The Attorney General goes on to urge us not to place this service burden on the State because of the costs of providing such documents. The governing federal procedural rules, however, generally do not bend to the financial burden of compliance. The State cannot abdicate its legal responsibility to provide the documents by arguing that the current “economic climate” is such that we should excuse its responsibility under the law and as a matter of law.
The State’s argument that it should be excused from the burden of service because Mr. Rodriguez theoretically could have filed in forma pauperis and obtained the records from the District Courts is similarly misguided. The federal rules place the burden of serving a pleading and the exhibits to it on the filing party, not on the court adjudicating the dispute. Again, the fact that Mr. Rodriguez conceivably could have gotten these documents in other ways does not change the fact that he was proeedurally entitled to get them from the State.
D.
We write next to respond to some of the points made in the Concurrence. To begin, we read the Concurrence to say that service of all or part of the State’s filed exhibits is required only when the District Court has decided that it needs to reach the merits of the habeas petition. Concurring Op. at 1082, 1085. However, careful consideration of this proposal shows it to be impractical. At the same time, it makes a distinction between habeas petitioners who must overcome procedural impediments, and those disputing the merits of their case, that is nowhere called for by the Habeas or Civil Rules.
First, we know that when a District Court decides to dismiss a petition because of an obvious defect, it will likely do so without requiring an answer from the State at all. Rules Governing § 2254 Cases, Rule 5(a) (“The respondent is not required to answer the petition unless a judge so orders.”). In this scenario, service of exhibits will never come up.
In our experience, where the District Court does require an answer from the State, it will generally wait until it gets the answer and the petitioner’s reply before fully considering jurisdictional and procedural issues. Then if necessary, it will consider the merits. With this in mind, it is simply not practical to require a busy District Court to first review the pleadings and the record; think about whether it is going to rule on the merits of the petition; then if it thinks it may reach the merits, issue an order requiring the State to provide the petitioner with the documents it had referred to in its answer. Exacerbating this elaborate system is the fact that the District Court would then be obliged to give the petitioner — who would likely have already been called upon to file his reply without the necessary tools to adequately respond — another opportunity to respond to the State’s answer. See Concurring Op. at 1085; cf. Day v. McDonough, 547 U.S. *1080 198, 210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006) (noting that a District Court deciding a habeas petition on timeliness grounds not raised by either party “must accord the parties fair notice and an opportunity to present their positions”). If the petitioner then raises arguably meritorious points, the District Court would necessarily, and yet again, have to review the arguments and the record to reevaluate its preliminary position. We see nothing in the rules that calls for such a time consuming and onerous process.
And in any event, a habeas petitioner whose claims are thrown out on a procedural or jurisdictional ground deserves just as much of an opportunity to respond to the State’s answer as the petitioner whose claims are dismissed on the merits. See Rules Governing § 2254 Cases, Rules 5, 6 (establishing rules governing the filing and contents of pleadings as well as discovery without drawing any distinction based on the grounds on which a claim is likely to be decided). The rule called for in the Concurrence would extend a full and fair opportunity to respond only to those petitioners lucky enough to have the merits of their claims reached.
This distinction ignores the very real possibility — indeed, the probability — that the District Court would base even a jurisdictional or procedural ruling on documents filed alongside the State’s answer (for example, trial transcripts showing that a claim is procedurally defaulted due to lack of a contemporaneous objection). If the State points to a document that purports to show that the petitioner did not exhaust his claim, or that it is procedurally defaulted, why should that petitioner not have a meaningful opportunity to review the document and explain to the District Court why the State’s position is wrong? If we were to deny petitioners this opportunity, we would do so in the face of our experience that has repeatedly demonstrated that a petitioner must have a meaningful opportunity to challenge the propriety of rulings on procedural grounds. These cases often present close calls which are subject to debate. See, e.g., Conner v. Hall, 645 F.3d 1277, 1289-92 (11th Cir.2011) (disagreeing with and reversing the District Court’s determination that Mr. Conner’s claim was procedurally defaulted).
The same result holds whether the documents proffered by the State lead the District Court to reject the petitioner’s claim on the merits or instead on jurisdictional or procedural grounds. And this is important. Federal habeas corpus proceedings are the last chance a petitioner has to present arguable constitutional violations and errors to a court capable of correcting them. Therefore much rides on having an adversarial process structured in a way that best equips the District Court to get it right. See Lonchar v. Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293, 1299, 134 L.Ed.2d 440 (1996) (“Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty.”). Neither the text of the Habeas nor the Civil Rules reveal to us any reason to deviate from traditional service requirements so as to create, as the Concurrence suggests, a hierarchy of ha-beas petitioners, by giving some the tools necessary to respond to all of the State’s arguments but not others.
It bears mention that the Fourth Circuit has, at least implicitly, rejected the Concurrence’s suggestion that service should depend on the way in which the District Court decides the petition. In Thompson, the Fourth Circuit noted that the District Court had “ordered Thompson to respond to the Attorney General’s assertion that *1081 certain of his habeas corpus claims had been procedurally defaulted, but it did not authorize Thompson to address the Answer’s contentions on the merits of his claim.” 427 F.3d at 266. The District Court went on to dispose of some of Mr. Thompson’s claims on procedural grounds and others on the merits. Id. But nothing in the Fourth Circuit’s opinion suggests that Mr. Thompson should have been served with only those documents that related to the State’s position on the merits of his claim. Neither did the Fourth Circuit imply that the District Court’s decision to reach the merits of some of Mr. Thompson’s claims was at all relevant to its decision on the service requirement. Even though the facts of the case clearly presented the Fourth Circuit with the opportunity to draw the line the Concurrence urges upon us, it declined to do so.[5] Rather, the Fourth Circuit was clear in its requirement that the State serve its answer “along with all of its exhibits” in every single case in which a party is “not in default.” Id. at 269. The Fourth Circuit’s ruling counsels against making the service requirement dependent on the basis for the District Court’s ultimate resolution of the claim.
Neither do we see how our holding is going to require the State to engage in the “expensive” and “time-consuming and detailed task” of “searching for transcripts, exhibits and other documents from state court stenographers, reporters, and clerks,” Concurring Op. at 1086, beyond what it will already have done in preparing its answer to the petition. If the State has already cited to or referenced a document in its answer, it has certainly already found that document in the process of coming to rely upon it. Our ruling no more requires the State to search through the record of a case than Habeas Rule 5(c) already does. Rules Governing § 2254 Cases, Rule 5(c) (“The respondent must attach to the answer parts of the transcript that the respondent considers relevant.”).
Finally, we emphasize that providing records to a petitioner at one time or another during his state prosecution and direct appeal by no means assures that he will have those records at the critical moment the State files its answer to his habeas petition and references specific documents. For starters, it will often be difficult for a District Court to figure out whether a petitioner got the records. We also know that a prisoner’s papers are often lost, damaged, or destroyed during his incarceration. And civil service requirements were not designed only to provide those documents a party can show it no longer has. Fed.R.Civ.P. 5(a), 10(c). If a civil litigant attaches a document to a pleading, it must provide that document to the other party, even if he might already have it. Nothing in the Habeas Rules counsels against importing this same clear, consistent, and unwavering requirement to the habeas context.
For these reasons, we cannot acquiesce in the Concurrence’s proposal. The relevant procedural rules, the principles underlying our adversarial system, and fundamental fairness require the rule we have adopted today. It is one that should have been applied to Mr. Rodriguez’s case, and one that must be applied from here on.
*1082 III.
In substance, the State’s filed Appendix is made up of several documents that are attachments or exhibits to the State’s answer. Mr. Rodriguez was procedurally entitled to the documents in the Appendix that are referenced in the answer filed by the State. Because the District Court and the magistrate judge erred in interpreting the procedural rules, and because this error infected the proceedings against Mr. Rodriguez, it was an abuse of discretion for the District Court to deny his motion for reconsideration over his objections to the underlying procedural violations. See Brown, 415 F.3d at 1266; Richardson, 598 F.3d at 740.
We REVERSE the District Court’s denial of Mr. Rodriguez’s motion for reconsideration. This case is REMANDED with instructions that the State serve Mr. Rodriguez with the twelve documents in the Appendix to which he is procedurally entitled so that he may be allowed to amend his reply to the State’s answer. After that amended reply is filed, the District Court should adjudicate the merits of the fully briefed habeas corpus petition.

. Mr. Rodriguez’s motion to compel, the denial of which formed the basis of the motion for reconsideration we now review, only requested service of the twelve exhibits referenced in the State's answer. We therefore do not consider whether the procedural rules would require service of the remaining two exhibits included in the Appendix but not referenced in the answer.

. The Concurrence recognizes several times that our holding requires service of those exhibits filed with the District Court and referenced in the answer. See Concurring Op. at 1082, 1089. But more often the Concurrence says that we are adopting a “broad” rule that would require service of the entire record filed with the District Court regardless of whether every document in the record is referenced in the answer. See id. at 1083, 1086, 1087,1087-88. Our opinion today does not go so far as the Concurrence sometimes suggests.

. The Concurrence is right that Sixta's conclusion that "the rules plainly require that the respondent serve both the answer and any exhibits attached thereto on the habeas petitioner” was not necessary to decide that case because no exhibits were in fact attached to the answer. 615 F.3d at 572-73; see also Concurring Op. at 1088 n. 4. But the Fifth Circuit clearly accepted the service requirement acknowledged by the Fourth Circuit, however unnecessary it might have been to the result ultimately reached.

. We emphasize that neither we nor the Fifth Circuit hold that a state can avoid the Habeas Rule 5 requirement to attach relevant record excerpts to the answer simply by citing directly to the state court record. See Sixta, 615 F.3d at 573 (“[W]e do not address the nature of the respondent's duty and discretion under the Habeas Rule 5(c) to attach those portions of the transcript that he 'deems relevant.' "). Indeed, failure to attach any cited documents would likely violate the explicit requirements of Habeas Rule 5. But only the duty to serve attached and referenced exhibits, not the duty to attach in the first instance, is relevant to our resolution of this case.

. The Fifth Circuit also did not seize on a similar opportunity in Sixta, although unlike in Thompson, it was not apparent from the Fifth Circuit’s description of the case. But a review of the decision on Mr. Sixta’s petition reveals that the District Court disposed of some claims on the merits and others on procedural grounds. Sixta v. Quarterman, No. H-07-0118, 2007 WL 3270394, at *3-8 (S.D.Tex. Nov. 2, 2007).