[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11713
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00028-RS-CJK

FERENC FODOR,

Plaintiff-Appellant,

versus

EASTERN SHIPBUILDING GROUP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 3, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ferenc Fodor, proceeding pro se, appeals the district court's order granting summary judgment to his former employer, Eastern Shipbuilding Group, on his two employment discrimination claims:  one for nationality discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2; the other for disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112.  He also appeals a handful of rulings ancillary to that judgment.

Eastern is a shipbuilding and marine repair company.[1]  Fodor worked there as a welder.  His stint coincided with the recent oil spill in the Gulf of Mexico. That tragedy caused Eastern to lose business, which led to layoffs and hiring freezes.  Around that same time, Fodor applied for a promotion.  Neither he nor anyone else received it because Eastern had put into effect a hiring freeze that applied to the position.  Soon afterwards, Eastern told Fodor that it had transferred him to a different worksite.  He objected without success.  Fodor never reported to his new worksite and stopped showing up for work entirely.  After three consecutive unexplained absences, Eastern terminated him.

---

[1] Eastern filed a statement of material facts along with its summary judgment motion, which Fodor did not dispute.  We thus consider those assertions to be the facts for present purposes. See Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion . . . ."); Harrison v. Culliver, 746 F.3d 1288, 1302 n.22 (11th Cir. 2014) (holding that the failure to dispute facts and present evidence to the contrary yielded an independent basis for summary judgment).

Fodor, a Hungarian-American, walks with a limp.  His complaint alleged that Eastern discriminated against him on the basis of his nationality and that disability.  While at Eastern, he reported "pranks" committed against him — someone smeared grease on his lunch box and water bottle and damaged his microwave and coffee maker.  Afterwards, his supervisors condemned those pranks at a staff meeting.  Fodor has never alleged any links between those pranks and his nationality or disability.  Before the district court, he alleged two other incidents:  A supervisor told him that he could not lead Americans because he was not an American, and a group of his coworkers mocked his limp.  Under Eastern's anti-harassment policy, Fodor could have reported those incidents to any supervisor or human resources employee.  He admits that he never reported either incident.  He also admits that he never reported any other incident of harassment during his employment.

Fodor claimed that Eastern discriminated against him based on both his nationality and his disability.  See 42 U.S.C. §§ 2000e-2(a), 12112(a).  These discrimination claims fall into two broad categories.  First, he claims that Eastern refused to promote and ultimately terminated him because of his nationality and disability.  Second, he claims that Eastern is responsible for a hostile work environment at his worksite.  The district court granted summary judgment against

3

him on both categories, a judgment we review <u>de novo</u>.  See <u>Brooks v. Cnty.</u>
<u>Comm'n</u>, 446 F.3d 1160, 1161–62 (11th Cir. 2006).

Fodor's claims that Eastern refused to promote and terminated him because
of his nationality and disability are governed by the <u>McDonnell Douglas</u> burden-
shifting framework.  See <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93
S. Ct. 1817 (1973); <u>EEOC v. Joe's Stone Crabs</u>, 296 F.3d 1265, 1272–73 (11th Cir.
2002); <u>Wascura v. City of S. Miami</u>, 257 F.3d 1238, 1242–43 (11th Cir. 2001).
Under that framework, Fodor has the initial burden of raising a presumption of
discrimination by establishing a prima facie case that Eastern discriminated against
him.  See <u>Joe's Stone Crabs</u>, 296 F.3d at 1272.  Once that presumption is raised,
the burden shifts to Eastern to rebut it by showing a "legitimate, non-
discriminatory reason" for its actions.  <u>Id.</u>  If Eastern rebuts it, then the burden
shifts back to Fodor, who can only defeat summary judgment if he shows that
Eastern's "proffered reason really is a pretext for unlawful discrimination."  <u>Id.</u> at
1273.

To review Fodor's discrimination claims based on Eastern's promotion and
termination decisions, we need not decide whether he established a prima facie
case of discrimination.  Eastern has shown legitimate, non-discriminatory reasons
for those decisions, and he has failed to show that they are a pretext for

4

discrimination.[2]  See Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002)

(assuming without deciding that the plaintiff had established a prima facie case

because the defendant had "met its burden of presenting a legitimate,

nondiscriminatory reason for its act").  Eastern presented evidence that it refused to

promote Fodor because the Gulf oil spill led to a hiring freeze that covered the

position for which he had applied, not because of his nationality or his disability.

There is no evidence in the record showing otherwise.  See Hairston v. Gainesville

Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993) ("For factual issues to be

considered genuine, they must have a real basis in the record.").  Similarly, the

evidence showed that Eastern terminated Fodor because he refused to be

transferred and failed to show up in the new location for work on three consecutive

days.  There is no evidence to the contrary.  See id.  Eastern has given legitimate,

nondiscriminatory reasons for deciding not to promote and ultimately to terminate

Fodor.  He has not presented any evidence that those reasons are a pretext for

discrimination.  Eastern was entitled to summary judgment on his nationality and

disability discrimination claims.

---

[2] The showing required to establish a prima facie case of discrimination is different under Title VII and the ADA.  Compare Joe's Stone Crabs, 296 F.3d at 1273 (prima facie case under Title VII), with Wascura, 257 F.3d at 1242 (prima facie case under the ADA).  Because we do not decide whether Fodor established a prima facie case under either standard, we need not discuss those differences.

Fodor next claims that Eastern discriminated against him by creating a hostile work environment. To establish a hostile work environment, he must show that nationality and disability harassment were "sufficiently severe or pervasive [at Eastern] to alter the terms and conditions of work." Baldwin v. Blue Cross/Blue Shield of Ala., 480 F.3d 1287, 1300 (11th Cir. 2007). Even if Fodor shows "severe or pervasive" harassment, Eastern still can avoid liability with the so-called Faragher/Ellerth affirmative defense. See Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257 (1998). That defense has two elements: (1) Eastern must have "exercised reasonable care to prevent and promptly correct harassing behavior"; and (2) Fodor must have "unreasonably failed to take advantage of any preventative or corrective opportunities." Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1313 (11th Cir. 2001) (quoting Faragher, 524 U.S. at 807, 118 S. Ct. at 2293). We need not decide whether Fodor has established a hostile work environment because Eastern has demonstrated both elements of the Faragher/Ellerth affirmative defense. See Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272, 1285–93 (11th Cir. 2003) (assuming a hostile work environment and moving on to the Faragher/Ellerth defense).

Eastern's anti-harassment policy satisfies the first element, which requires it to take "reasonable care" to prevent and correct harassment. See id. at 1286 ("The

6

Court in <u>Faragher</u> implied that employers could meet the initial burden in determining whether they had exercised reasonable care to prevent sexual harassment by promulgating an anti-harassment policy.") (quotation marks omitted).  The policy allowed victims of harassment to report it to <u>any</u> supervisor or human resources employee, and it prohibited retaliation.  <u>See</u> <u>id.</u> ("At a minimum, employers must establish a complaint procedure designed to encourage victims of harassment to come forward without requiring a victim to complain first to the offending supervisor.") (brackets omitted) (quotation marks omitted).

Fodor's failure to report any nationality or disability harassment satisfies the second element of the defense, which requires proof that he "unreasonably failed to take advantage of" Eastern's preventive measures, namely its anti-harassment policy.  <u>See</u> <u>Faragher</u>, 524 U.S. at 807–08, 118 S. Ct. at 2293 ("[P]roof that an employee failed to . . . use any complaint procedure provided by the employer . . . will normally suffice to satisfy the employer's burden under the second element of the defense.").  He did report the "pranks" that resulted in some damage to his personal property, and Eastern promptly put a stop to them.  But he never alleged a link between those incidents and his nationality or disability, and he never reported the two other incidents he now alleges happened — the comment about his inability to lead Americans and his coworkers mocking his limp.  <u>See</u> <u>Walton</u>, 347 F.3d at 1290 (placing on the plaintiff "an obligation to use reasonable care to avoid

7

harm" by reporting harassment to his employer).  Because Fodor never gave

Eastern "an opportunity to address the situation and prevent further harm from

occurring," id., and because Eastern took reasonable care to prevent harassment

beforehand, the Faragher/Ellerth defense shielded Eastern from liability for a

hostile work environment.

Separately from those discrimination claims, Fodor contends that the district

court erred by denying one of his discovery requests and refusing to appoint him

counsel.  We review both contentions for an abuse of discretion.  See Josendis v.

Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011); Bass

v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).  Because Fodor has not shown that

the district court relied on a clearly erroneous fact, an incorrect conclusion of law,

an improper application of law to fact, a procedural error, or a clear error in

judgment, he has failed to show that the district court abused its discretion in either

case.  Adams v. Austal, U.S.A., L.L.C., 754 F.3d 1240, 1248 (11th Cir. 2014) ("An

abuse of discretion occurs where the district court's decision rests upon a clearly

erroneous finding of fact, an errant conclusion of law, or an improper application

of law to fact.") (quotation marks omitted); Rodriguez v. Fla. Dep't of Corr., 748

F.3d 1073, 1075 (11th Cir. 2014) ("A District Court abuses its discretion when it

applies the wrong law, follows the wrong procedure, bases its decision on clearly

erroneous facts, or commits a clear error in judgment.") (quotation marks omitted).[3]

**AFFIRMED.**

---

[3] Fodor also asserts that there was a vast conspiracy against him throughout this case, including the district court clerk, the magistrate judge, the district judge, and another panel of this Court. The only fact he alleges to support that conspiracy is that Eastern biased each official against him by means of campaign contributions. None of the officials involved is elected, so his assertion is illogical.