[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12995
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00028-RS-CJK


FERENC FODOR,

                                                    Plaintiff-Appellant,

versus

BRIAN D'ISERNIA,
owner of Eastern Shipbuilding Group, et al.,

                                                         Defendants,

EASTERN SHIPBUILDING GROUP,

                                                  Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 6, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ferenc Fodor, proceeding pro se, appeals the district court's award of costs to Eastern Shipbuilding Group after it granted summary judgment to Eastern on his employment discrimination claims. Fodor contends that Eastern failed to properly serve or verify its bill of costs and that the district court improperly awarded costs while his appeal from the court's grant of summary judgment was pending in this Court.[1]

Eastern's bill of costs requested (1) $338.05 for the cost of copying various materials, and (2) $6,263.23 for the cost of obtaining transcripts of a discovery hearing and two days of Fodor's deposition.[2] The bill of costs included a sworn declaration from Eastern's attorney that the costs were correct and necessarily incurred and that it had served the bill of costs on Fodor through prepaid first class mail.

Fodor did not file any objections to the bill of costs. The clerk taxed $6,263.23 for the cost of obtaining transcripts, but did not tax the $338.05 for the cost of copying materials. Fodor asked the district court to review the clerk's

---

[1] Last month, we affirmed the district court's grant of summary judgment. See Fodor v. E. Shipbldg. Grp., No. 14-11713, 2015 WL 424284 (11th Cir. Feb. 3, 2015) (unpublished).

[2] Eastern relied on the discovery hearing transcript in a motion to compel a two-day deposition of Fodor with a special master and for sanctions. It relied on the deposition transcripts in its motion for summary judgment. Both of those motions were granted.

2

action.  He argued that Eastern had failed to serve the bill of costs, that the bill of costs was not properly verified, and that Eastern was not yet the "prevailing party" because his summary judgment appeal was still pending in this Court.  The district court denied Fodor's motion.  This is his appeal.

We review a district court's decision about whether to award costs to the prevailing party for an abuse of discretion.  Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).  "An abuse of discretion occurs if the trial judge bases an award or denial upon findings of fact that are clearly erroneous."  Id.

Federal Rule of Civil Procedure 54(d)(1) provides that litigation costs, other than attorney's fees, should be awarded to the prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise."   Notwithstanding the "strong presumption that the prevailing party will be awarded costs," we have recognized that they "may not exceed those permitted by 28 U.S.C. § 1920." Mathews, 480 F.3d at 1276.  That statute provides in relevant part that a federal court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Before the court may tax costs against the losing party, the party claiming items of cost must make an affidavit, either personally or through counsel with knowledge of the facts, that such items are correct and necessarily incurred in the case, that the fees were actually charged, and that services were necessarily performed.  28 U.S.C. § 1924.

3

Here, the district court did not abuse its discretion in awarding costs to Eastern, the prevailing party in this action.  See Fed. R. Civ. P. 54(d)(1).   The general rule that a notice of appeal divests the district court of jurisdiction over a case "does not apply to collateral matters not affecting the questions presented on appeal."  Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999).  Fodor's previous appeal to this Court, see 2015 WL 424284, did not relate to the taxation of costs, so the district court retained jurisdiction over it as a "collateral matter."  See Weaver, 172 F.3d at 773.

The clerk's taxing of costs associated with obtaining transcripts that were necessarily obtained and actually used by Eastern did not exceed those permitted by 28 U.S.C. § 1920(2).  Fodor submitted no evidence that Eastern failed to serve him with its bill of costs, and the record reflects that service was in fact made through prepaid first class mail.  The record also reflects that Eastern complied with the verification provisions of 28 U.S.C. § 1924.

**AFFIRMED.**

4