[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12262
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-14482-JEM

DAVID LEE MOORE, JR.,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 1, 2016)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

David Moore, Jr., through counsel, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely.  We vacate and remand because the State of Florida did not first serve Moore with the exhibits attached to the appendix it filed with the district court even though the state referenced those documents in its response.

Moore was convicted and sentenced to a thirty-year term of imprisonment in Florida state court.  More than fifteen years after his criminal proceedings concluded, Moore filed a motion seeking post-conviction relief in Florida state court based on ineffective assistance of counsel.  The state trial court concluded Moore's motion was untimely and denied relief.

Moore then filed a petition for a writ of habeas corpus in federal district court.  The magistrate judge ordered the state to show cause why the petition should not be granted.  The order required the state to file a responsive memorandum along with a comprehensive appendix that included, among other things, copies of all relevant state court pleadings, transcripts, briefs on direct appeal, and post-trial motions for collateral relief.

The state filed a response and an appendix.  In the response, the state argued that Moore was not entitled to relief because his petition was untimely and cited

2

documents from the appendix it filed with the court. The certificates of service the state filed with the district court show that it served copies of its response and a notice of filing on Moore but never served him with the exhibits in the appendix.

The magistrate judge issued a report and recommendation that the district court dismiss the petition as time-barred. Moore objected that because he never received a copy of the state's response, he was denied the opportunity to submit evidence to support his claims or refute the state's arguments. The district court overruled Moore's objections, adopted the report and recommendation, and dismissed the petition as time-barred. We granted a certificate of appealability on the issue of "[w]hether the District Court's order dismissing Mr. Moore's § 2254 motion should be vacated in light of *Rodriguez v. Florida Department of Corrections*, 748 F.3d 1073 (11th Cir. 2014)." We also appointed counsel on Moore's behalf. We now consider his appeal.

The issue before us is whether district court erred by dismissing Moore's petition as untimely when the state failed to serve Moore with copies of the exhibits in the state's appendix that the state cited in response to the show-cause order. Because the state was procedurally required to serve Moore with at least the exhibits cited in its response, we hold that the district court erred in dismissing the petition.

We have held that the state must serve a petitioner with the exhibits included in the appendix that are cited in its answer responding to a show-cause order. *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1075 (11th Cir. 2014). In *Rodriguez*, after a Florida prisoner petitioned for a writ of habeas corpus in federal court, the magistrate judge ordered the state to show cause why his petition should not be granted and directed the state to file with its answer to the show-cause order an appendix that included pleadings, transcripts, briefs, and motions from the state court proceedings with its response.[1] Although the state answered and filed the appendix with the district court, the state never served the petitioner with a copy of any of the exhibits in its appendix, even though the state cited some of the exhibits in its answer. *Id.* at 1074. After considering the Rules Governing Section 2254 Cases in the United States District Courts and the Federal Rules of Civil Procedure ("Civil Rules"), we concluded that because the Civil Rules require a party to serve "any pleading . . . on every party," the state was required to serve its response on the petitioner. *Id.* at 1076. Although the appendix was a separate document, we held that it qualified as part of the response because the documents in the appendix were referred to in the response and filed with the court. "Because the Civil Rules require service of all pleadings, it follows that the exhibits to the pleading must

---

[1] Although in *Rodriguez* the state's response to the show-cause order was referred to as an "answer," the state makes no argument that the label applied to the responsive memorandum required by the Southern District of Florida's form show-cause order is of any consequence, nor do we think that it is.

also be served." *Id.* Because the district court failed to enforce this procedural requirement, we vacated and remanded so that the petitioner could have an opportunity to amend his reply to the state's response after receiving the missing exhibits.

Under *Rodriguez*, the state was required to serve Moore with a copy of the exhibits in its appendix that were cited in its response. It is undisputed that the state failed to do so. Thus, under *Rodriguez*, the district court erred in dismissing Moore's petition as untimely when the state had not served Moore with a copy of the exhibits referenced in his response. We vacate the district court's order dismissing the petition and remand with instructions to the district court to direct the state to serve Moore with the documents in the appendix to which he is procedurally entitled and to give Moore an opportunity to reply to the state's answer.

**VACATED AND REMANDED.**