[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15658
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-14248-RLR


STEPHEN D. LEONARD,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
SECRETARY, DEPARTMENT OF CORRECTIONS,
WARDEN, OKEECHOBEE CORRECTIONAL INSTITUTION,
ASSISTANT WARDEN, OKEECHOBEE CORRECTIONAL
INSTITUTION,
ASSISTANT WARDEN OF PROGRAMS AT O.C.I., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 25, 2018)

Before WILLIAM PRYOR, NEWSOM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Stephen D. Leonard appeals *pro se* the dismissal without prejudice of his complaint that the State of Florida, prison officials, and private healthcare companies unlawfully denied his medical grievances, falsely accused him of and imprisoned him for disobeying prison rules in retaliation for filing a grievance against a female officer, and were deliberately indifferent to his medical needs by delaying treatment for a growth on his left lung. 42 U.S.C. § 1983. Leonard also appeals the denial of his motions for reconsideration and for appointed counsel. We affirm.

Leonard moved for the appointment of counsel to assist him in litigating his complaint and for leave to amend his complaint to add a claim under the Racketeer Influenced and Corrupt Organizations Act, but a magistrate judge denied both motions. With respect to Leonard's request for counsel, the magistrate judge explained that, because Leonard filed "a private civil suit," he was ordinarily "required to bear [his] own expenses . . . [for] counsel, just as is any private litigant." But the magistrate judge assured Leonard that, "[s]hould developments in the case alter that assessment at a later time, appropriate steps will be taken."

The district court adopted the magistrate judge's recommendation to dismiss Leonard's complaint for failure to state a claim. *See* 28 U.S.C. §§ 636(b)(1),

2

1915A(b)(1). The district court ruled that Leonard's claims against the State and its officials were barred by sovereign immunity; that Leonard could not pursue criminal charges against the defendants; that Leonard's claims against prison officers for retaliation failed because he was found guilty of disobeying prison rules; and that one officer's alleged verbal abuse of Leonard did not violate his constitutional rights. The district court ruled that Leonard failed to allege that the private companies providing medical treatment had adopted a custom or policy that caused a violation of his federal rights. It also ruled that prison officials did not exhibit deliberate indifference to Leonard's serious medical needs when the delays in his treatment were attributable to his disagreement with the treatment regimen and to his failure to comply with the prison sick-call policy. The district court also ruled that prison officials could not be found liable for wrongly denying grievances when Leonard "fail[ed] to explain the content of the grievances, to whom he directed them, and what response he received" and that supervisory liability could not be imposed on state and prison officials for failing to intercede in Leonard's treatment without some evidence that his grievances notified the officials of a constitutional violation they had to cease.

The district court did not err by dismissing Leonard's complaint. The district court is required to dismiss any part of a prisoner's complaint that fails to state a claim upon which relief can be granted. *Id.* § 1915A(b)(1). The district court

adopted the magistrate judge's report after receiving it without objection from Leonard. And in the objections that Leonard eventually filed, he argued about the failure to preserve evidence, to file and return summonses and subpoenas duces tecum, and to appoint him counsel instead of addressing whether his complaint stated a claim for relief. Leonard makes conclusory assertions that the defendants violated his constitutional rights and committed racketeering activities, but Leonard fails to explain how they did so. Although we read briefs filed by *pro se* appellants liberally, we will not serve as their *de facto* counsel. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

The district court also did not abuse its discretion when it denied Leonard's motion for reconsideration. "A District Court abuses its discretion when it applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1075 (11th Cir. 2014) (internal quotation marks and citation omitted). Leonard argues that the district court failed to consider his objections to the report and recommendation, but as stated earlier, those objections did not contest the grounds for the dismissal of his complaint. We cannot say that the

4

district court committed a clear error in judgment when it denied Leonard's motion.

We lack jurisdiction to review the magistrate judge's denial of Leonard's motion to appoint counsel. "The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)). Leonard cannot challenge on appeal a magistrate judge's order that he failed to challenge in the district court. *See* Fed. R. Civ. P. 72(a).

We **AFFIRM** the dismissal of Leonard's complaint.